UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PERRY PRIVETT,

      Plaintiff,

vs.

DUKES PEST CONTROL OF SOUTH
FLORIDA, INC., a Limited Liability Company,
and DANIEL BOZICK, an Individual,

      Defendants.
_____/

## **COMPLAINT**

COMES NOW Plaintiff, PERRY PRIVETT, by and through his undersigned counsel, and sues the Defendants, DUKES PEST CONTROL OF SOUTH FLORIDA, INC. (hereinafter, referred to as "DUKE'S"), and DANIEL BOZICK, individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.. The gravamen of this case is that the Plaintiff was retaliated against for pursuing his rights under the FLSA in violation of Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 215(a)(3) ("anti-retaliation provision"), 28 U.S.C §§ 1331 and 1367, and 42 U.S.C. §2000e-5(f)(3).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district, and whether 'employers' or not under the FLSA, are still subject to the anti-retaliation provision of the FLSA. "The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'" Obregon v. Jep Family Enterprises, Inc., 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010); see Wirtz v. Ross Packaging Co., 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

6. That at all times material hereto, Defendant, DANIEL BOZICK individually, acted directly in the interests of his employer, the Defendant, DUKE'S, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, DUKE'S.

7. Plaintiff is owed unpaid overtime from December 26, 2016 to October 1, 2017.

8. Specifically, Defendants paid Plaintiff $950.00 per week for all 50 hours per week that he worked.

9. Since the weekly wage was presumed to be payment for only the first forty hours, Defendants paid Plaintiff no wages for 10 hours of overtime each week for 31 weeks.

10. Overtime is paid at one and one half the employee's regular rate of pay, thus Plaintiff's regular rate of pay is $23.75 ($950.00 divided by 40).

11. Therefore, his overtime rate of pay is $35.63 ($23.75 x 1.5).

12. Thus, Defendants owe Plaintiff 310 hours of overtime at $35.63 per hour, for a total of $11,045.30.

13. Defendants knew the hours Plaintiff was working, yet willfully elected to not pay the Plaintiff what was owed.

14. In turn, Plaintiff, through his counsel, sent a letter demanding the owed overtime, on or about January 8, 2020.

15. Solely in retaliation for this complaint of owed overtime wages pursuant to the FLSA, Defendants took an adverse action against the Plaintiff by threatening him, and subsequently serving him, with a lawsuit for an alleged breach of a non-compete agreement on February 5, 2020.

16. This non-compete lawsuit is frivolous as (1) Defendants knew for a significant period of time prior to January 8, 2020 that Plaintiff was working within the extremely broad (and unenforceable) restrictive zone set forth by the non-compete agreement, (2) Plaintiff had not taken nor solicited any of the Defendants' customers, and (3) Defendants had numerous other employees work within this extremely broad (and unenforceable) restrictive zone set forth by the non-compete agreement without issue.

17. Only after Plaintiff pursued his lawful FLSA wages, did the Defendants choose to pursue a lawsuit against the Plaintiff for violating the non-compete agreement.

## COUNT I
## FLSA OVERTIME-DUKE'S

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 above.

18. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

19. By reason of the intentional, willful and unlawful acts of the Defendant, DUKE'S, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, DUKE'S, for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA OVERTIME-BOZICK

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 above.

20. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

21. By reason of the intentional, willful and unlawful acts of the Defendant, DANIEL BOZICK, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, DANIEL BOZICK, for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLSA RETALIATION-DUKE'S

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

22. The Defendant, DUKE'S's lawsuit against the Plaintiff was directly in retaliation for his complaints of FLSA violations.

23. The Defendant, DUKE'S's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's

unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, PERRY PRIVETT, demands judgment against the Defendant, DUKE'S, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT IV
## FLSA RETALIATION-DANIEL BOZICK

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

24. The Defendant, DANIEL BOZICK's termination of the Plaintiff was directly in retaliation for his complaints of FLSA violations.

25. The Defendant, DANIEL BOZICK's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, PERRY PRIVETT, demands judgment against the Defendant, DANIEL BOZICK, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, PERRY PRIVETT, demands trial by jury.

Dated: February 25, 2020.    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, #588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
F.B.N.: 333920